Lorel **FIGUEROA, Maria Garcia, Nancy Roa, on Behalf of her minor daughter Christina Noel HAVRE, and Antonia Rivera on behalf of her minor daughter Melissa Morales, Plaintiffs,**

v.

**SAVANAR RESTAURANT, INC., d/b/a Ponderosa Steakhouse and Metromedia Steakhouse Company, L.P. Defendants.**

No. 99 Civ.2012(VM).

United States District Court,
S.D. New York.

Jan. 22, 2002.

---

Louis Ginsberg, New York City, for Plaintiffs.

Leonard Buddington, Jr., Yonkers, NY, Defendants.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiffs Lorel Figueroa, Maria Garcia, Nancy Roa on behalf of her minor daughter Christina Noel Havre, and Antonia Rivera on behalf of her minor daughter Melissa Morales (hereinafter collectively "Plaintiffs"), brought this action against Defendants Savanar Restaurant, Inc. d/b/a Ponderaosa Steakhouse, and Metromedia Steakhouse Company L.P. (hereinafter col-

lectively "Defendants"). Following a two-and-a-half-day jury trial, on November 8, 2001, the jury found for Plaintiffs on each of their hostile work environment sexual harassment claims, awarding each individual plaintiff $25,000 in compensatory damages and $25,000 in punitive damages on that claim. The jury found for Defendants on the Plaintiffs' retaliation claims. Plaintiffs now seek to recover attorney's fees and costs from Defendants pursuant to 42 U.S.C. § 2000e–5(k).

In federal civil rights actions, the court has discretion to allow the prevailing party "a reasonable attorney's fee ... as part of the costs". 42 U.S.C. § 2000e–5(k); *see also Luciano v. Olsten,* 109 F.3d 111 (2d Cir.1997). To determine a reasonable fee, a district court must calculate a "lodestar" figure by first determining "the number of hours reasonably expended on the litigation" and then multiplying that number by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433–34, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Quaratino v. Tiffany & Co.,* 166 F.3d 422 (2d Cir.1999). Costs should be appropriately identified and attributable to the successful claim. *See Gonzalez v. Bratton,* 147 F.Supp.2d 180, 213 (S.D.N.Y. 2001) (following identical statutory language in 42 U.S.C. § 1988).

Here, Plaintiffs' counsel, the Law Firm of Louis Ginsberg, P.C. (hereinafter "Ginsberg"), submits that it spent a total of 89.5 hours in litigation and spent $2,705.73 in out-of-pocket expenses. This modest amount of time spent in preparation of a brief trial is not itself unreasonable. However, the Court notes that Ginsberg's arithmetic is erroneous. According to the individual time entries submitted by Ginsberg, the Court finds that Plaintiffs spent 87.1 hours in litigation. In addition, Defendants object to Ginsberg's request for attorney's fees incurred in response to

Shakeel Khan's failure to appear at depositions as "double dipping" because by its Order dated October 27, 2000, the Court awarded Ginsberg $2,695.00 as a sanction meant to compensate for 11 hours of attorney time. Indeed, Defendant is correct that Ginsberg again submitted hours attributable to Shakeel Khan's failure to appear or comply with other discovery requests and Court Orders and Plaintiffs' subsequent request for discovery sanctions. As such, it appears that Ginsberg did not carefully review its billing records to exclude those hours that are "redundant", as the Supreme Court has instructed. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 ("Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary...."). Therefore, the Court reduces Ginsberg's number of compensable hours by 11, to total 76.1.

█ Ginsberg submits that the prevailing blended hourly billing rate in Manhattan is $250, and requests that the Court allow it to recover a blended hourly rate of $245 per hour. A blended hourly rate, meant to account for the different billing rates of partners and associates by taking an average of the two, appears to be an unprecedented method in this Circuit for calculating lodestar figures. However, because it is unclear from Plaintiff's bill submission whether the attorney's fees previously awarded are attributable to associate or partner time, by default the Court will use $245 as a blended rate. Indeed, this average of partner and associate billing rates appears reasonable in comparison to other attorney's fees awards in Title VII cases undertaken by small to mid-size firms. *See Gonzalez*, 147 F.Supp.2d at 211–212 (summarizing awards of attorney's fees in Title VII cases).

Ginsberg also seeks to recover $2,705.63 in costs expended in litigation of this matter. Again, as an initial matter, the Court notes that Ginsberg's arithmetic is erroneous. Ginsberg seeks $64.88 in federal express costs but can only substantiate $41.78. Ginsberg does not provide any explanation for the extra $23.10 it seeks in its motion. Accordingly, the Court deducts $23.10 from Ginsberg's request for costs.

Defendants' objection to an award of costs arising out of Shakeel Khan's failure to appear at depositions is not well-founded. Beyond the reasons stated above, the Court's October 27, 2000 Order awarding sanctions against Shakeel Khan accounted for wasted attorney time, not the costs arising out of the reporters' time as is requested now.

Defendants' general objections are unavailing. First, that Ginsberg took the case on a contingency basis argues for an increased award of attorney's fees and costs in light of the risk undertaken by it. *See Hensley*, 461 U.S. at 430, 103 S.Ct. 1933. Finally, that Ginsberg spent time writing letters rather than researching legal issues does not warrant a decrease in the award; writing letters is indisputably a part of any attorney's role. For the foregoing reasons, it is hereby

**ORDERED** that Defendants pay Ginsberg attorney's fees and costs in the total amount of $21,327.03; and it is finally

**ORDERED** that the Clerk of Court close this case.

**SO ORDERED**.